IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TROY BACKUS,

    Plaintiff,

  v.

CONAGRA FOODS, INC.,

    Defendant.

No. C 16-00454 WHA

**ORDER DENYING MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION**

### INTRODUCTION

In this action in connection with the use of trans fat in margarine products, defendant seeks to dismiss for lack of subject-matter jurisdiction following the denial of class certification. Defendant's motion is **DENIED**.

### STATEMENT

Plaintiff Troy Backus filed this action in January 2016, alleging various claims for relief under California law for the use of trans fat in the margarine products of defendant ConAgra Foods, Inc., and ConAgra's alleged mislabeling of those products. In July 2016, all of Backus's claims were dismissed except one for mislabeling — for the phrase "The delicious taste of Fleischmann's enhances your favorite foods while maintaining your healthy lifestyle" — subject to an order for limited discovery to ascertain whether Backus had standing to bring that surviving claim (Dkt. No. 44). An October 2016 order found Backus established the requisite reliance and injury to assert his remaining mislabeling claim (Dkt. No. 55 at 2). Backus then

moved for class certification of this final remaining claim. In December 2016, another order denied Backus's request for class certification (Dkt. No. 75).

In light of the denial of class certification, all that remains is the state mislabeling claim as to Backus individually. ConAgra now moves to dismiss this single remaining claim for lack of subject-matter jurisdiction.

This order follows full briefing, oral argument, and supplemental briefing.

**ANALYSIS**

All agree that when filed, this action enjoyed subject-matter jurisdiction under the Class Action Fairness Act. The main issue now is whether the denial of class certification ousted subject-matter jurisdiction. *United Steel v. Shell Oil*, 602 F.3d 1087, 1091 (9th Cir. 2010), in a removal action, held that a denial of class certification does not divest federal courts of jurisdiction. ConAgra argues that *United Steel* only applies to actions removed to federal court, not those filed in federal court originally. Regardless of CAFA, however, both parties agree that supplemental jurisdiction may be exercised over the remaining state-law claim pursuant to Section 1367 of Title 28 of the United States Code.

Supplemental jurisdiction attaches "in any civil action of which the district courts have original jurisdiction" so long as the claims "are so related to claims in the action with such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. 1367(a). Pursuant to Section 1367(c), the district courts may decline to exercise that supplemental jurisdiction if:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

The parties dispute whether CAFA continues to supply subject-matter jurisdiction but agree that supplemental jurisdiction is available here — they disagree, however, over whether it should be exercised.

2

As an initial matter, ConAgra argues that "the Court should not exercise supplemental jurisdiction where the Plaintiff never asked the Court to do so" (Dkt. No. 102 at 2). Rather, "[t]he basis for jurisdiction must be expressly alleged in the pleadings[,]" *Taragan v. Nissan North America*, 2011 WL 941132, at *3 (N.D. Cal. Mar. 16, 2011) (Judge Saundra Armstrong), and Backus "must allege in his pleading the facts essential to show jurisdiction." *London v. Standard Oil Company of California, Inc.*, 417 F.2d 820, 826 (9th Cir. 1969) (Judge William Byrne, dissenting).

Backus did not address this argument in his supplemental brief but the point falls short. Both decisions ConAgra relies on responded to situations in which the plaintiff argued (but did not plead) diversity jurisdiction. Our court of appeals, when interpreting Section 1367 itself, does so frankly — "unless a court properly invokes a [S]ection 1367(c) category in exercising its discretion to decline to entertain pendent claims, supplemental jurisdiction must be asserted." *Executive Software North America, Inc. v. United States District Court for the Central District of California*, 24 F.3d 1545, 1556 (9th Cir. 1994) (overruled on other grounds). The fact that Backus did not allege supplemental jurisdiction is irrelevant in the face of this statutory demand.

ConAgra alternatively argues that Section 1367(c) discretion should be exercised against retaining the case. "While discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in [Section] 1367(c)," that discretion is informed by judicial economy, convenience, fairness, and comity — the *Gibbs* factors. *Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997). Our Supreme Court instructs that state law claims "*should*" be dismissed if the federal claims are dismissed before trial, *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966), but this "has never meant that they *must* be dismissed[,]" particularly following the enactment of Section 1367 and its grant of discretion in declining jurisdiction. *Acri*, 114 F.3d at 1000.

Here, judicial economy, convenience, and fairness strongly favor retaining jurisdiction. This action was filed sixteen months ago and the amended complaint eleven months ago. In the meantime, two motions to dismiss have been heard, class certification considered (and denied), expert reports commissioned, and written discovery asked and answered. ConAgra deposed

3

Backus, the parties anticipate one Rule 30(b)(6) deposition of ConAgra, and the parties stipulated to share the ConAgra deposition and pre-trial deadlines with the related action, *McFaddin v. ConAgra Brands, Inc.*, Case No. C 17-00387 WHA. All told, the amount of work put into this action by both the parties and the overlap between this action and the related action justify exercising supplemental jurisdiction here, as follows.

### 1. JUDICIAL ECONOMY.

ConAgra argues judicial economy is not served by retaining jurisdiction for three reasons. *First*, minimal motion practice has taken place. ConAgra points to *Biotechnology Value Fund, L.P. v. Celera Corporation*, 12 F. Supp. 3d 1194, 1207 (N.D. Cal. Dec. 20, 2013) (Judge William Alsup), which found "there [was] ample time before the trial . . . such that there [were] no concerns with economy or convenience and fairness to the parties to justify supplemental jurisdiction." Missing from ConAgra's retelling is the fact that the plaintiffs there filed the operative complaint only four months prior to the decision. Backus, to the contrary, filed his amended complaint nearly one year ago and significant motion practice has ensued.

*Second*, ConAgra argues that the legal analysis performed thus far will not be wastefully duplicated by the state court, relying on *America Greener Technologies v. Enhanced Life Water Solutions, LLC*, 2016 WL 6476289, at *5–6 (D. Ariz. Nov. 2, 2016) (Judge John Tuchi). In *American Greener*, judicial economy favored declining jurisdiction where the proceedings were "largely, if not exclusively, focused on the [dismissed] patent infringement claim" and the remaining state-law claims received no substantive analysis. Here, the state-law claim has defined this action for nearly eight months. Moreover, the analysis will be substantially duplicated, anyway, if *McFaddin* proceeds to its merits.

*Third*, ConAgra argues the amount of work left to do substantially outweighs the amount in dispute, as in *Karhu v. Vital Pharmaceuticals, Inc.*, 2014 WL 1274119, at *6 (S.D. Fl. Mar. 27, 2014) (Judge James Cohn). There, the plaintiff's individual state-law claims for $23.34 did not merit exercising supplemental jurisdiction. While on similar feet to the instant action, the law of our court of appeals did not guide *Karhu*, nor did the effect of a pending related action.

### 2. CONVENIENCE AND FAIRNESS.

ConAgra argues that given the early stage of this litigation, proceeding in state court would not be unduly inconvenient or unfair but relies on an action remanded to state court less than two months after removal and after plaintiff voluntarily dismissed the action. *Said v. Orange County District Attorneys Office*, 2016 WL 4467875, at *2–3 (C.D. Cal. Aug. 22, 2016) (Judge James Selna). The instant action has persisted far longer.

Moreover, any inconvenience and unfairness that does exist is outweighed by the convenience and fairness of handling this action and *McFaddin* concurrently. Both parties presumably recognized as much when they stipulated to mirrored deadlines and the shared Rule 30(b)(6) deposition (*see* Dkt. No. 90).

### 3. COMITY.

Although state courts have the primary responsibility of developing and applying state law, *Anderson v. Countrywide Financial*, 2009 WL 3368444, at *5 (Oct. 16, 2009) (Judge Garland Burrell, Jr.), the remaining claim's basis in California law does not tip the scale in favor of declining supplemental jurisdiction. *Anderson* provides little analytical insight but it ultimately found the other *Gibbs* factors weighed in favor of *declining* jurisdiction there, as well. Here, judicial economy, convenience, and fairness weigh in favor of *retaining* jurisdiction.

Finally, ConAgra shortchanges the undersigned in a past decision, stating, "[i]t is best to leave full consideration of . . . state-law claim[s] to the state courts." *Davis v. National Collegiate Athletic Association*, 2011 WL 2531394, at *5 (N.D. Cal. June 24, 2011) (Judge William Alsup). *Davis* further explained that the federal claim there was eliminated in the action's infancy and before the state-law claim was considered, so "[i]t [was] best to leave full consideration of the state-law claim to the state courts." This action is not in its infancy.

Thanks to ConAgra's briefing and motion practice, much time has been invested in this case and the judge is up to speed on the single claim still left in the case. It may be a shadow of

5

its former self but the judge is familiar with the shadow, having dealt so much with the main body.

## CONCLUSION

For the foregoing reasons, defendant's motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: April 18, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE