IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TROY BACKUS,

    Plaintiffs,

v.

CONAGRA BRANDS, INC.,

    Defendants.

———————————————————/

MARJEL MCFADDIN and MARK BEASLEY, on behalf of themselves and all others similarly situated,

    Plaintiff,

v.

CONAGRA BRANDS, INC.,

    Defendants.

———————————————————/

No. C 16-00454 WHA

No. C 17-00387 WHA

**ORDER DENYING MOTION TO CONSOLIDATE, GRANTING IN PART AND DENYING IN PART MOTION TO AMEND THE COMPLAINTS, AND ORDER TO SHOW CAUSE**

## INTRODUCTION

In this putative class action for violation of Section 17200 of the California Business & Professions Code, plaintiffs move to consolidate and amend the complaints. For the following reasons, plaintiffs' motion to consolidate is **DENIED** and the motion to amend the complaints is **GRANTED IN PART** and **DENIED IN PART**.

# STATEMENT

Plaintiff Troy Backus brought his putative class action in January 2016 against defendant's use and mislabeling of artificial trans fats in its margarine products. For many years, Backus purchased and consumed a variety of margarine spreads and sticks under the brand name Fleischmann's, which was manufactured and sold by ConAgra Foods, predecessor to defendant Conagra Brands. Conagra's products used partially hydrogenated oil, a food additive derived from low-cost oils that contained artificial trans fat, which had been linked to increased risk of certain medical conditions like cardiovascular heart disease, diabetes, cancer, Alzheimer's disease, and organ damage. In June 2015, The Food and Drug Administration issued a final determination that partially hydrogenated oils were no longer "generally recognized as safe" (Case No. C 16-00454 WHA, First Amd. Compl. ¶¶ 4–8, 20–21, 66–71).

Backus's amended complaint alleged various claims for relief for Conagra's *use* of artificial trans fat, on the basis that using artificial trans fat in food products was unlawful and unfair, and for its product *mislabeling*, on the basis that its labels misrepresented the product. The mislabeling claims were premised on front and back product labels that described the products as containing "0g of Trans-Fat" and "No Trans-Fat"; labels that claimed the products contained "100% Less Cholesterol" and "70% Less Saturated Fat" than butter; and a label that claimed, "[t]he delicious taste of Fleischmann's enhances your favorite foods while maintaining your healthy lifestyle" (Case No. C 16-00454 WHA, First Amd. Compl. ¶¶ 79–95, 103–122).

Conagra moved to dismiss and succeeded in dismissing all the use claims and all but one of the mislabeling claims. Only the mislabeling claim related to maintaining a healthy lifestyle survived. The action continued for that single claim, but in December 2016, plaintiff Backus was rejected as a class representative for presenting individualized issues and failing to satisfy the typicality requirement (Case No. C 16-00454 WHA, Dkt. Nos. 24, 44, 75).

In January 2017, counsel for plaintiff Backus filed another putative class action against Conagra in this district with new plaintiffs Marjel McFaddin and Mark Beasley. The complaint was nearly identical to the complaint in the Backus action and included the use and mislabeling

claims that had already been dismissed. Accordingly, Conagra again filed a motion to dismiss. With the motion still pending, however, both the Backus and McFaddin actions were stayed in October 2017 in light of two separate actions, both also brought by plaintiffs' counsel, fully briefed and pending before our court of appeals that teed up the same issues of law that controlled these actions (Case No. C 17-00387 WHA, Dkt. Nos. 1, 35, 41, 47).

Now that the two actions in our court of appeals, *Hawkins v. Kroger*, 906 F.3d 763 (9th Cir. 2018), and *Hawkins v. AdvancePierre Foods, Inc.*, 733 Fed. Appx. 906 (9th Cir. 2018) (unpublished), have been decided, an order was filed lifting the stay and instructing plaintiffs to file a motion for leave to consolidate and amend the complaints (Case No. C 16-00454 WHA, Dkt. No. 121; Case No. C 17-00387 WHA, Dkt. No. 64).

**ANALYSIS**

**1. MOTION TO CONSOLIDATE.**

Under Federal Rule of Civil Procedure 42(a), a district court may consolidate actions where the actions involve a "common question of law or fact." A "district court has broad discretion under this rule to consolidate cases pending in the same district." *Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989). In determining whether to consolidate cases, the court should "weigh the interest of judicial convenience against the potential for delay, confusion, and prejudice." *Zhu v. UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049, 1052 (N.D. Cal. 2010) (Judge Jeffrey White).

Conagra opposes consolidation and would rather stay both actions in light of another action in our court of appeals, *McGee v. S-L Snacks National, LLC*, No. C 17-55577, that was brought by plaintiffs' counsel and has already been fully briefed and argued. Conagra claims that plaintiffs' counsel specifically requested a published decision on the issue of preemption of partially hydrogenated oil use claims. In the alternative, Conagra requests that the Backus action be stayed pending resolution of the McFaddin action (Opp. 1–3).

Neither of Conagra's arguments to stay is persuasive. Both actions were already stayed for over a year awaiting the decisions of our court of appeals. Both actions will not be stayed again, especially in light of the awaited decision in *Kroger*, which decided that the mislabeling

3

claims related to the "0g of Trans-Fat" and "No Trans-Fat" labels were *not* preempted and were allowed to continue. *Kroger,* 906 F.3d at 771–72. Here, there is no chance, like before the previous stay, that all claims are preempted and disallowed. Arguments for staying the Backus action pending resolution of the McFaddin action are also unpersuasive. Conagra has addressed why staying the Backus action pending the McFaddin action is favorable to consolidation, but has failed to persuasively argue why staying the Backus action would be favorable to both actions continuing independently (Opp. 11–15; Reply Br. 1–2).

Plaintiffs support consolidation and are correct that both actions share nearly identical complaints and involve many common questions of law or fact. Plaintiffs, however, are unpersuasive as to why these two actions in different procedural postures should be consolidated. Plaintiff Backus has already failed class certification and there is a risk that his individualized issues could cause confusion. The offsetting benefit of consolidation is unclear. Plaintiffs' counsel stated at oral argument that the benefit was access to discovery from the Backus action. That benefit, however, can still be achieved without consolidation and without the possible confusion caused by plaintiff Backus's individualized issues. Thus, the motion to consolidate is **DENIED**. By **NOON ON MARCH 20, 2019**, Conagra must **SHOW CAUSE** as to why discovery from the Backus action should not be usable in the McFaddin action to the same extent as in the Backus action.

2. **MOTION TO AMEND THE COMPLAINTS.**

A. *Kroger* **and** *AdvancePierre***.**

Plaintiffs' counsel has appended a proposed consolidated complaint to the motion to consolidate. In light of the denial of the motion to consolidate, the analysis of the proposed consolidated complaint will apply to both amended complaints that will be separately filed in the Backus and McFaddin actions. Before discussing the proposed complaint, however, the recent decisions of our court of appeals, for which the two actions were stayed, must be discussed.

In *Hawkins v. Kroger*, our appeals court decided whether FDA trans fat regulations governing the contents of the Nutritional Facts Panel preempted Section 17200 of the California

4

Business & Professions Code. The relevant FDA regulations provided that if the product contained less than 0.5 grams of trans fat, the Nutritional Facts Panel was required to tell the customer that the product contained 0 grams of trans fat.

Our appeals court found *Reid v. Johnson & Johnson*, 780 F.3d 952 (9th Cir. 2015), to be squarely controlling. *Reid* held that "a requirement to state certain facts in the nutrition label is not a license to make that statement elsewhere on the product." *Id.* at 960. Thus, *Kroger* concluded that although the regulations required products to report 0 grams of trans fat in the Nutritional Facts Panel, reporting that there was zero trans fat or no trans fat anywhere else on the packaging was misleading. *Kroger* declined to decide whether the claims concerning the use of partially hydrogenated oil were also preempted by federal law. *Kroger*, 906 F.3d at 770–773.

In *Hawkins v. AdvancePierre Foods*, a nonbinding unpublished memorandum, our appeals court provided some dicta on how it might view partially hydrogenated oil use claims in the future. Our appeals court assumed without deciding that federal preemption did not apply, then asserted that Hawkins had nevertheless failed to state a claim for violation of Section 17200 of the California Business & Professions Code. The use claim under the unlawful prong failed as there was no underlying federal law prohibiting partially hydrogenated oils prior to June 18, 2018. The use claim under the unfairness prong was also summarily rejected. *AdvancePierre*, 733 Fed. Appx. at 906–907.

### B. Proposed Consolidated Complaint.

In the order lifting the stay, plaintiffs were ordered to file a motion to consolidate and amend the complaints and "specifically describe each claim for relief that plaintiffs believe should be asserted *as a result* of the court of appeals' decision." Separately, plaintiffs were ordered to "address any further allegations plaintiffs claim they can assert as a result of new updated scientific and regulatory information." Plaintiffs have failed to do so. Instead, counsel for plaintiffs has attached a consolidated, amended complaint that recycles arguments and claims already rejected in the Backus action to attempt to gain another bite of the apple (Case No. C 16-00454 WHA, Dkt. Nos. 121, 122; Case No. C 17-00387 WHA, Dkt. No. 64).

Specifically, the consolidated complaint attempts to reintroduce claims related to the *use* of partially hydrogenated oils that had already been dismissed in the Backus action. *Kroger* specifically chose not to address use claims related to partially hydrogenated oils and *AdvancePierre,* while unpublished and nonbinding, provided dicta that arguably weakened the prospect of successfully bringing partially hydrogenated oil use claims. Nothing from those two decisions of our court of appeals supports the reintroduction of the already dismissed use claims. In addition, at least five judges in our district, including the undersigned, have disallowed use claims for partially hydrogenated oils. Conagra provides the most recent decision by Judge William Orrick as supplemental authority (Case No. C 16-00454 WHA, Dkt. No. 130; Case No. C 17-00387 WHA, Dkt. No. 70). Thus, the motion to amend the complaints with claims related to the use of partially hydrogenated oils is **DENIED**.

The consolidated complaint also attempts to reintroduce mislabeling claims that were based on labels claiming "70% Less Saturated Fat" and "100% Less Cholesterol" than butter. Those mislabeling claims were dismissed in the Backus action and plaintiffs has provided no change in factual or legal circumstance to support why they should be allowed again. The inclusion of those claims in the amended complaints similarly must be **DENIED**.

*Kroger* did speak specifically to the viability of mislabeling claims that involved "No Trans-Fat" or "0g of Trans-Fat." Those mislabeling claims and the healthy lifestyle mislabeling claim that survived the original Backus action can be included in the amended complaints. The motion to amend the complaints with respect to these specific mislabeling claims is **GRANTED**.

**CONCLUSION**

In conclusion, the motion to consolidate is **DENIED**. By **NOON ON MARCH 20, 2019,** Conagra must **SHOW CAUSE** as to why discovery from the Backus action should not be usable, to the same extent, in the McFaddin action. The motion to amend the complaints is **GRANTED IN PART** and **DENIED IN PART**. Plaintiffs must submit separate amended complaints for the Backus action and the McFaddin action that are limited to the mislabeling claims for

6

"No Trans-Fat", "0g of Trans-Fat", and "The delicious taste of Fleischmann's enhances your favorite foods while maintaining your healthy lifestyle."

**IT IS SO ORDERED.**

Dated: March 5, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE