1  ANGELA SPIVEY (*pro hac vice*)
   ANDREW PHILLIPS (*pro hac vice*)
2  JAMIE S. GEORGE (*pro hac vice*)
   **ALSTON & BIRD LLP**
3  One Atlantic Center
   1201 West Peachtree Street, Suite 4900
4  Atlanta, GA  30309-3424
   Telephone:  (404) 881-7857
5  Facsimile:  (404) 881-7777
   E-mail:  angela.spivey@alston.com
6          andrew.phillips@alston.com
7          jamie.george@alston.com

8  RACHEL E. K. LOWE (SBN 246361)
   **ALSTON & BIRD LLP**
9  333 South Hope Street
   Sixteenth Floor
10 Los Angeles, California 90071
   Telephone:  (213) 576-1000
11 Facsimile:  (213) 576-1100
   E-mail:  rachel.lowe@alston.com
12
   Attorneys for Defendant
13 **CONAGRA BRANDS, INC.,**
   **formerly known as ConAgra Foods, Inc.**
14

15             **UNITED STATES DISTRICT COURT**

16             **NORTHERN DISTRICT OF CALIFORNIA**

17

18 TROY BACKUS, on behalf of himself and all      Case No.:  3:16-cv-00454-WHA
   others similarly situated,                     Assigned to the Honorable William Alsup
19                                                 Courtroom 12
                  Plaintiff,
20                                                 **DEFENDANT CONAGRA BRANDS, INC.'S**
          v.                                       **ANSWER TO PLAINTIFF'S SECOND**
21                                                 **AMENDED COMPLAINT FOR**
   CONAGRA BRANDS, INC.,                           **VIOLATIONS OF:**
22
                  Defendant.                       **CAL. BUS. & PROF. CODE §§ 17200, *et seq.***
23                                                 **and**
                                                   **CAL. CIV. CODE §§ 1750, *et seq.***
24
                                                   **DEMAND FOR JURY TRIAL**
25

26

27

28

Defendant Conagra Brands, Inc. ("Conagra"), by and through their undersigned counsel, hereby answers Plaintiff's Second Amended Complaint, as follows:

To the extent the Complaint attempts to characterize certain alleged facts (*i.e.*, by describing conduct, labels, and/or products as "illegal," "misbranded," "deceptive" and/or "unlawful"), Conagra responds generally that such allegations constitute mere pejoratives or conclusions of law and do not constitute allegations of fact requiring a response. To the extent such allegations may be construed as allegations of fact, Conagra objects to and denies each and every such allegation, and incorporates by reference this response in each paragraph below as if fully set forth therein.

Conagra further responds that the headings in the Complaint do not constitute allegations of fact requiring a response, but to the extent the headings may be construed as allegations of fact, Conagra responds that it is without sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies each and every such allegation.

Except as may be expressly and specifically admitted herein, Conagra denies each and every allegation alleged in the Complaint, and further denies that Plaintiffs have suffered any damages by reason of any act, omission, or conduct on the part of Conagra. Conagra further denies that Plaintiffs are entitled to the relief sought in the Complaint, or to any relief at all, from Conagra.

With respect to the specific paragraphs of the Complaint, Conagra responds as follows:

## I.   **JURISDICTION AND VENUE**

1.      Conagra admits that this Court has determined jurisdiction in this matter remains proper pursuant to this Court's Order of April 18, 2017, but Conagra continues to deny the existence of jurisdiction and preserves its defenses thereto. The remainder of the allegations in Paragraph 1 purport to state a conclusion of law to which no response is required. To the extent any response is required, Conagra denies the allegations as written.

2.      Conagra admits that venue is proper in this matter and that Plaintiff purports to reside in this district. Conagra denies that Plaintiff suffered injuries. The remainder of the allegations in Paragraph 2 purport to state conclusions of law to which no response is required. To the extent any response is required, Conagra denies the allegations as written.

## II.  INTRADISTRICT ASSIGNMENT

3.     Conagra admits that Plaintiff alleges this action arises out of events and omissions in Marin County, California.  Conagra denies that Plaintiff is entitled to recover for any of these alleged events or omissions.  Conagra states that the second sentence in Paragraph 3 purports to state a conclusion of law to which no response is required.  Conagra is without sufficient knowledge or information to admit or deny the allegations contained in the third sentence of paragraph 3 and, therefore, denies the same.  Conagra denies the remaining allegations in Paragraph 3 as written.

## III. NATURE OF THE ACTION

4.     Conagra admits it manufactures, markets, and sells a wide variety of food products, including Fleischmann's products.  Conagra further admits that Fleischmann's products at one time contained partially hydrogenated oil ("PHO").  Conagra states that all PHOs have long been removed from the Fleischmann's products at issue.

5.     Conagra admits that PHO is a food additive and that certain nations in recent years have banned their use in certain circumstances.  Conagra is without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 5 and, therefore, denies the same.

6.     Conagra denies the allegations in Paragraph 6.

7.     Conagra admits that the FDA issued a final determination concerning PHOs on June 17, 2015, the specific terms of which are evident in the determination.

8.     Conagra denies the allegations in Paragraph 8.

9.     Conagra denies the allegations in Paragraph 9.

10.    Conagra denies the allegations in Paragraph 10.

11.    Conagra denies the allegations in Paragraph 11.

12.    Conagra denies the allegations in Paragraph 12.

13.    Conagra denies the allegations in Paragraph 13.

14.    Conagra is without sufficient knowledge or information to admit or deny the allegations in Paragraph 14 regarding Plaintiff's purchase and consumption of Fleischmann's and, therefore, denies the same.

# IV.  PARTIES

15.     Conagra admits the allegations in Paragraph 15.

16.     Conagra is without sufficient knowledge or information to admit or deny the allegations in Paragraph 16 and, therefore, denies the same.

# V.   NATURE OF TRANS FAT

17.     Conagra denies the allegations in Paragraph 17.

18.     Conagra states that the article referenced in Paragraph 18 speaks for itself.  Conagra further states that it is without sufficient knowledge at this time as to whether the article or the allegations in this Paragraph contain correct or accurate information.  To the extent any response is required, Conagra denies the allegations as written.  Conagra denies the remainder of the claims as written in Paragraph 18.

19.     Conagra admits that saturated fat lacks carbon double bonds, cis fats have double carbon bonds on one side of the carbon chain, and trans fats have carbon double bonds on opposite sides of the carbon chain.  Conagra states that the images referenced in Paragraph 19 speak for themselves.  Conagra further states that it is without sufficient knowledge at this time as to whether the images contain correct or accurate information.  To the extent any response is required, Conagra denies the allegations as written.  Conagra denies the remainder of the claims as written in Paragraph 19.

20.     Conagra is without sufficient information to admit or deny the allegations in the first sentence of Paragraph 20 regarding consideration of PHO as a "wonder product," and, therefore, denies same.  Conagra admits the allegations in Paragraph 20 that PHO may be derived from soy beans.  Conagra denies the remainder of the claims as written in Paragraph 20.

21.     Conagra is without sufficient information to admit or deny the allegations in Paragraph 21.  To the extent any response is required, Conagra denies the allegations as written.

A.      **There is a Scientific Consensus That Trans Fat is Extremely Harmful.**

22.     Conagra is without sufficient knowledge at this time as to whether the 2005 report finding of the National Academy of Medicine contains correct or accurate information.  To the extent any response is required, Conagra denies the allegations as written.  Conagra denies all remaining claims as written in Paragraph 22.

23.     Conagra admits that a proposed rule was released on December 8, 2010, the specific terms of which are evident in that proposed rule. Conagra denies that the allegations of Paragraph 23 accurately and comprehensively restate the terms of that proposed rule and denies the allegations contained in Paragraph 23 that are inconsistent with that proposed rule.

24.     Conagra states that Dr. Mozaffarian's article quoted and discussed in Paragraph 24 speaks for itself. Conagra denies that the allegations of Paragraph 24 accurately and comprehensively restate the findings of that article. Conagra is without sufficient knowledge at this time as to whether the article contains correct or accurate information. To the extent any response is required, Conagra denies the allegations as written. Conagra denies all remaining claims as written in Paragraph 24.

25.     Conagra states that Dr. Gerberding's article quoted and discussed in Paragraph 25 speaks for itself. Conagra denies that the allegations of Paragraph 25 accurately and comprehensively restate the findings of that article. Conagra is without sufficient knowledge at this time as to whether the article contains correct or accurate information. To the extent any response is required, Conagra denies the allegations as written. Conagra denies all remaining claims as written in Paragraph 25.

26.     Conagra states that Dr. Mozaffarian's article quoted and discussed in Paragraph 26 speaks for itself. Conagra denies that the allegations of Paragraph 26 accurately and comprehensively restate the findings of this article. Conagra is without sufficient knowledge at this time as to whether the article contains correct or accurate information. To the extent any response is required, Conagra denies the allegations as written. Conagra denies all remaining claims as written in Paragraph 26.

27.     Conagra states that Dr. Willet's article quoted and discussed in Paragraph 27 speaks for itself. Conagra denies that the allegations of Paragraph 27 accurately and comprehensively restate the findings of that article. Conagra is without sufficient knowledge at this time as to whether the article contains correct or accurate information. To the extent any response is required, Conagra denies the allegations as written. Conagra denies all remaining claims as written in Paragraph 27.

28.     Conagra denies the allegations contained in Paragraph 28.

**B.      The Artificial Trans Fat in Fleischmann's Caused Cardiovascular Disease.**

29.     Conagra states that the article cited and discussed in Paragraph 29 speaks for itself. Conagra is without sufficient knowledge at this time as to whether the article contains correct or

1    accurate information.  To the extent any response is required, Conagra denies the allegations as written.

2    Conagra denies all remaining claims as written in Paragraph 29.

3         30.    Conagra states that the 1999 estimate published in the New England Journal of Medicine

4    and discussed in Paragraph 30 speaks for itself.  Conagra is without sufficient knowledge at this time as

5    to whether the published estimate contains correct or accurate information.  To the extent any response

6    is required, Conagra denies the allegations as written.  Conagra denies all remaining claims as written in

7    Paragraph 30.

8         31.    Conagra is without sufficient knowledge at this time to admit or deny the allegations

9    contained in Paragraph 31.  To the extent any response is required, Conagra denies the allegations as

10   written.

11        32.    Conagra states that the Dietary Guidelines Advisory Committee Report quoted and

12   discussed in Paragraph 32 speaks for itself.  Conagra denies that the allegations of Paragraph 32

13   accurately and comprehensively restate the terms of the Report.  Conagra is without sufficient

14   knowledge at this time as to whether the Report contains correct or accurate information.  To the extent

15   any response is required, Conagra denies the allegations as written.  Conagra denies all remaining claims

16   as written in Paragraph 32.

17        33.    Conagra states that the American Heart Association's website quoted and discussed in

18   Paragraph 33 speaks for itself.  Conagra denies that the allegations of Paragraph 33 accurately and

19   comprehensively restate the website.  Conagra is without sufficient knowledge at this time as to whether

20   the website contains correct or accurate information.  To the extent any response is required, Conagra

21   denies the allegations as written.  Conagra denies all remaining claims as written in Paragraph 33.

22        34.    Conagra admits that the FDA provides a Questions and Answers page, the specific terms

23   of which are evident in the page.  Conagra denies that the allegations of Paragraph 34 accurately and

24   comprehensively restate the terms of that page and denies all allegations contained in Paragraph 34 that

25   are inconsistent with that page.

26        35.    Conagra admits that a proposed rule was released on December 8, 2010, the specific

27   terms of which are evident in the release.  Conagra denies that the allegations of Paragraph 35 accurately

28   and comprehensively restate the terms of that proposed rule and denies all allegations contained in

Paragraph 35 that are inconsistent with that proposed rule.

36.     Conagra states that the study published by the American Heart Association discussed in Paragraph 36 speaks for itself.  Conagra denies that the allegations of Paragraph 36 accurately and comprehensively restate the findings of the study.  Conagra is without sufficient knowledge at this time as to whether the study contains correct or accurate information.  To the extent any response is required, Conagra denies the allegations as written.  Conagra denies all remaining claims as written in Paragraph 36.

37.     Conagra states that the article discussed in Paragraph 37 speaks for itself.  Conagra denies that the allegations of Paragraph 37 accurately and comprehensively restate the findings of that article.  Conagra is without sufficient knowledge at this time as to whether the article contains correct or accurate information.  To the extent any response is required, Conagra denies the allegations as written.  Conagra denies all remaining claims as written in Paragraph 37.

38.     Conagra states that the article discussed in Paragraph 38 speaks for itself.  Conagra denies that the allegations of Paragraph 38 accurately and comprehensively restate the findings of that study.  Conagra is without sufficient knowledge at this time as to whether the article contains correct or accurate information.  To the extent any response is required, Conagra denies the allegations as written.  Conagra denies all remaining claims as written in Paragraph 38.

39.     Conagra states that the article discussed in Paragraph 39 speaks for itself.  Conagra denies that the allegations of Paragraph 39 accurately and comprehensively restate the findings of that study.  Conagra is without sufficient knowledge at this time as to whether the article contains correct or accurate information.  To the extent any response is required, Conagra denies the allegations as written.  Conagra denies all remaining claims as written in Paragraph 39.

**C.      The Artificial Trans Fat in Fleischmann's Caused Type-2 Diabetes.**

40.     Conagra states that the study published by the American Heart Association discussed in Paragraph 40 speaks for itself.  Conagra denies that the allegations of Paragraph 40 accurately and comprehensively restate the findings of the study.  Conagra is without sufficient knowledge at this time as to whether the study contains correct or accurate information.  To the extent any response is required, Conagra denies the allegations as written.  Conagra denies all remaining claims as written in

Paragraph 40.

41.     Conagra is without sufficient knowledge at this time to admit or deny the allegations contained in Paragraph 41.  To the extent any response is required, Conagra denies the allegations as written.

42.     Conagra states that the study by researchers at Northwestern University discussed in Paragraph 42 speaks for itself.  Conagra denies that the allegations of Paragraph 42 accurately and comprehensively restate the findings of the study.  Conagra is without sufficient knowledge at this time as to whether the study contains correct or accurate information.  To the extent any response is required, Conagra denies the allegations as written.  Conagra denies all remaining claims as written in Paragraph 42.

43.     Conagra states that the study by researchers at Northwestern University discussed in Paragraph 43 speaks for itself.  Conagra denies that the allegations of Paragraph 43 accurately and comprehensively restate the findings of that study.  Conagra is without sufficient knowledge at this time as to whether the study contains correct or accurate information.  To the extent any response is required, Conagra denies the allegations as written.  Conagra denies all remaining claims as written in Paragraph 43.

44.     Conagra states that the 14-year study discussed in Paragraph 44 speaks for itself. Conagra denies that the allegations of Paragraph 44 accurately and comprehensively restate the findings of that study.  Conagra is without sufficient knowledge at this time as to whether the study contains correct or accurate information.  To the extent any response is required, Conagra denies the allegations as written.  Conagra denies all remaining claims as written in Paragraph 44.

**D.   The Artificial Trans Fat in Fleischmann's Caused Breast, Prostate, and Colorectal Cancer.**

45.     Conagra is without sufficient knowledge at this time to admit or deny the allegations contained in Paragraph 45.  To the extent any response is required, Conagra denies the allegations as written.

46.     Conagra states that the 13-year study discussed in Paragraph 46 speaks for itself. Conagra denies that the allegations of Paragraph 46 accurately and comprehensively restate the findings

of that study.  Conagra is without sufficient knowledge at this time as to whether the study contains correct or accurate information.  To the extent any response is required, Conagra denies the allegations as written.  Conagra denies all remaining claims as written in Paragraph 46.

47.    Conagra states that the 25-year study discussed in Paragraph 47 speaks for itself. Conagra denies that the allegations of Paragraph 47 accurately and comprehensively restate the findings of that study.  Conagra is without sufficient knowledge at this time as to whether the study contains correct or accurate information.  To the extent any response is required, Conagra denies the allegations as written.  Conagra denies all remaining claims as written in Paragraph 47.

48.    Conagra states that the study of 1,012 American males quoted and discussed in Paragraph 48 speaks for itself.  Conagra denies that the allegations of Paragraph 48 accurately and comprehensively restate the findings of that study.  Conagra is without sufficient knowledge at this time as to whether the study contains correct or accurate information.  To the extent any response is required, Conagra denies the allegations as written.  Conagra denies all remaining claims as written in Paragraph 48.

49.    Conagra states the 600-person study discussed in Paragraph 49 speaks for itself.  Conagra denies that the allegations of Paragraph 49 accurately and comprehensively restate the findings of that study.  Conagra is without sufficient knowledge at this time as to whether the study contains correct or accurate information.  To the extent any response is required, Conagra denies the allegations as written. Conagra denies all remaining claims as written in Paragraph 49.

50.    Conagra states that the 2,910-person study discussed in Paragraph 50 speaks for itself. Conagra denies that the allegations of Paragraph 50 accurately and comprehensively restate the findings of that study.  Conagra is without sufficient knowledge at this time as to whether the study contains correct or accurate information.  To the extent any response is required, Conagra denies the allegations as written.  Conagra denies all remaining claims as written in Paragraph 50.

**E.    The Artificial Trans Fat in Fleischmann's Caused Alzheimer's Disease and Cognitive Disease.**

51.    Conagra is without sufficient knowledge or information to admit or deny the allegations in Paragraph 51 and therefore denies the same.

52.     Conagra states that the 815-person study discussed in Paragraph 52 speaks for itself. Conagra denies that the allegations of Paragraph 52 accurately and comprehensively restate the findings of that study.  Conagra is without sufficient knowledge at this time as to whether the study contains correct or accurate information.  To the extent any response is required, Conagra denies the allegations as written.  Conagra denies all remaining claims as written in Paragraph 52.

53.     Conagra is without sufficient knowledge at this time as to whether the study discussed in Paragraph 53 contains correct or accurate information.  To the extent any response is required, Conagra denies the allegations as written.  Conagra denies all remaining claims as written in Paragraph 53.

54.     Conagra states that the study of 1,486 women quoted and discussed in Paragraph 54 speaks for itself.  Conagra denies that the allegations in Paragraph 54 accurately and comprehensively restate the findings of that study.  Conagra is without sufficient knowledge at this time as to whether the study contains correct or accurate information.  To the extent any response is required, Conagra denies the allegations as written.  Conagra denies all remaining claims as written in Paragraph 54.

55.     Conagra denies that artificial trans fat damages the brains of those who consume it. Conagra states that the UCSD School of Medicine study quoted and discussed in the second and third sentences of Paragraph 55 speaks for itself.  Conagra denies that the allegations of Paragraph 55 accurately and comprehensively restate the findings of that study.  Conagra is without sufficient knowledge at this time as to whether the study contains correct or accurate information.  To the extent any response is required, Conagra denies the allegations as written.  Conagra denies all remaining claims as written in Paragraph 55.

**F.  The Artificial Trans Fat in Fleischmann's Caused Organ Damage.**

56.     Conagra states that the article discussed in Paragraph 56 speaks for itself.  Conagra is without sufficient knowledge at this time as to whether the article contains correct or accurate information.  To the extent any response is required, Conagra denies the allegations as written.  Conagra denies all remaining claims as written in Paragraph 56.

**G.  Artificial Trans Fat's Status as an Unlawful Non-GRAS Food Additive Was Confirmed by the FDA in 2015.**

57.     Conagra admits that the FDA issued a final determination concerning PHOs on June 17,

9

1   2015, the specific terms of which are evident in the determination.

2         58.     Conagra admits that the Grocery Manufacturers Association ("GMA") submitted a food

3   additive plan on June 11, 2015 and an amended petition seeking approval to use partially hydrogenated

4   oil in "approximately 60 food categories" on March 7, 2017.  Conagra admits that the FDA denied the

5   amended GMA petition on May 21, 2018.  Conagra is without sufficient knowledge or information to

6   admit or deny the remaining allegations in Paragraph 58.  To the extent any response is required,

7   Conagra denies the allegations as written. Conagra denies all remaining claims as written in

8   Paragraph 58.

9              **VI.  PLAINTIFF'S PURCHASES OF FLEISCHMANN'S**

10         59.     Conagra is without sufficient knowledge or information to admit or deny the allegations

11   in Paragraph 59.  To the extent any response is required, Conagra denies the allegations as written.

12   Conagra denies all remaining claims as written in Paragraph 59.

13         60.     Conagra is without sufficient knowledge or information to admit or deny the allegations

14   in Paragraph 60.  To the extent any response is required, Conagra denies the allegations as written.

15   Conagra denies all remaining claims as written in Paragraph 60.

16         61.     Conagra is without sufficient knowledge or information to admit or deny the allegations

17   in Paragraph 61.  To the extent any response is required, Conagra denies the allegations as written.

18   Conagra denies all remaining claims as written in Paragraph 61.

19         62.     Conagra is without sufficient knowledge or information to admit or deny the allegations

20   in Paragraph 62.  To the extent any response is required, Conagra denies the allegations as written.

21   Conagra denies all remaining claims as written in Paragraph 62.

22         63.     Conagra is without sufficient knowledge or information to admit or deny the allegations

23   in Paragraph 63.  To the extent any response is required, Conagra denies the allegations as written.

24   Conagra denies all remaining claims as written in Paragraph 63.

25         64.     Conagra denies the allegations in Paragraph 64.

26         65.     Conagra denies the allegations in Paragraph 65.

27              **VII. SPECIFIC DECEPTIVE PRACTICES**

28         66.     Conagra denies the allegations as written in Paragraph 66.

1    67.    Conagra denies the allegations as written in Paragraph 67.

2    68.    Conagra denies the allegations in Paragraph 68.

3    69.    Conagra denies the allegations as written in Paragraph 69.

4    70.    Conagra denies the allegations in Paragraph 70.

5    71.    Conagra denies the allegations in Paragraph 71.

6    72.    Conagra denies the allegations as written in Paragraph 72.

7    73.    Conagra is without sufficient knowledge or information to admit or deny the allegations

8    in Paragraph 73.  To the extent any response is required, Conagra denies the allegations as written.

9    Conagra denies all remaining claims as written in Paragraph 73.

10    74.    Conagra denies the allegations in Paragraph 74.

11    75.    Conagra is without sufficient knowledge or information to admit or deny the allegations

12    as written contained in the first sentence of Paragraph 75 and, therefore, denies the same.  Conagra states

13    that the Global Health & Wellness study discussed in Paragraph 93 speaks for itself.  Conagra denies

14    that the allegations in Paragraph 75 accurately and comprehensively reflect the findings of that study.

15    Conagra is without sufficient knowledge at this time as to whether the study contains correct or accurate

16    information.  To the extent any response is required, Conagra denies the allegations as written.

17    76.    Conagra denies the allegations in Paragraph 76.

18    77.    Conagra denies the allegations in Paragraph 77.

19            **VIII.      ALL THREE LABEL CLAIMS ARE UNLAWFUL**

20    **A.    Conagra's "No Trans Fat" and "0g Trans Fat" Claims Are Unlawful.**

21    78.    Conagra denies the allegations in Paragraph 78.

22    **B.    Conagra's "Healthy Lifestyle" Claims Is Unlawful.**

23    79.     Conagra denies the allegations in Paragraph 79.

24    80.    Conagra states that Paragraph 80 contains legal conclusions to which no response is

25    required.  To the extent any response is required, Conagra denies the allegations as written. Conagra

26    denies all remaining claims as written in Paragraph 80.

27    81.    Conagra states that Paragraph 81 contains legal conclusions to which no response is

28    required.  To the extent any response is required, Conagra denies the allegations as written. Conagra

1  denies all remaining claims as written in Paragraph 81.

2      82.    Conagra states that Paragraph 82 contains legal conclusions to which no response is
3  required.  To the extent any response is required, Conagra denies the allegations as written. Conagra
4  denies all remaining claims as written in Paragraph 82.

5      83.    Conagra states that Paragraph 83 contains legal conclusions to which no response is
6  required.  To the extent any response is required, Conagra denies the allegations as written. Conagra
7  denies all remaining claims as written in Paragraph 83.

8      84.    Conagra states that Paragraph 84 contains legal conclusions to which no response is
9  required.  To the extent any response is required, Conagra denies the allegations as written. Conagra
10  denies all remaining claims as written in Paragraph 84.

11      85.    Conagra states that Paragraph 85 contains legal conclusions to which no response is
12  required.  To the extent any response is required, Conagra denies the allegations as written. Conagra
13  denies all remaining claims as written in Paragraph 85.

14      86.    Conagra states that Paragraph 86 contains legal conclusions to which no response is
15  required.  To the extent any response is required, Conagra denies the allegations as written. Conagra
16  denies all remaining claims as written in Paragraph 86.

17      87.    Conagra denies the allegations in Paragraph 87.

18  ## IX. **RELIANCE AND INJURY**

19      88.    Conagra is without sufficient knowledge or information to admit or deny the allegations
20  in Paragraph 88.  To the extent any response is required, Conagra denies the allegations as written.
21  Conagra denies all remaining claims as written in Paragraph 88.

22      89.    Conagra is without sufficient knowledge or information to admit or deny the allegations
23  in Paragraph 89.  To the extent any response is required, Conagra denies the allegations as written.
24  Conagra denies all remaining claims as written in Paragraph 89.

25      90.    Conagra is without sufficient knowledge or information to admit or deny the allegations
26  in Paragraph 90.  To the extent any response is required, Conagra denies the allegations as written.
27  Conagra denies all remaining claims as written in Paragraph 90.

28      91.    Conagra denies the allegations in Paragraph 91.

92.     Conagra is without sufficient knowledge or information to admit or deny the allegations in Paragraph 92.  To the extent any response is required, Conagra denies the allegations as written. Conagra denies all remaining claims as written in Paragraph 92.

93.     Conagra denies the allegations in Paragraph 93.

94.     Conagra denies the allegations in Paragraph 94.

95.     Conagra denies the allegations in Paragraph 95.

96.     Conagra denies the allegations in Paragraph 96.

97.     Conagra denies the allegations in Paragraph 97.

98.     Conagra denies the allegations in Paragraph 98.

99.     Conagra denies the allegations in Paragraph 99.

100.    Conagra denies the allegations in Paragraph 100.

## X.  DELAYED DISCOVERY

101.    Conagra denies the allegations in Paragraph 101.

102.    Conagra denies the allegations in Paragraph 102.

## CAUSES OF ACTION

### First Cause of Action

### California Unfair Competition Law (Unlawful Prong)

### Cal. Bus. & Prof. Code §§ 17200 *et seq.*

103.    Conagra denies the allegations in Paragraph 103.

104.    Conagra denies the allegations in Paragraph 104.

105.    Conagra denies the allegations in Paragraph 105.

106.    Conagra denies the allegations in Paragraph 106.

107.    Conagra denies the allegations in Paragraph 107.

108.    Conagra denies the allegations in Paragraph 108.

109.    Conagra is without sufficient knowledge or information to admit or deny the allegations in Paragraph 109.  To the extent any response is required, Conagra denies the allegations as written. Conagra denies all remaining claims as written in Paragraph 109.

110.    Conagra denies the allegations in Paragraph 110.

## Second Cause of Action

### California Unfair Competition Law (Fraudulent Prong)

### Cal. Bus. & Prof. Code §§ 17200 *et seq.*

111.    Conagra denies the allegations in Paragraph 111.

112.    Conagra is without sufficient knowledge or information to admit or deny the allegations in Paragraph 112.  To the extent any response is required, Conagra denies the allegations as written. Conagra denies all remaining claims as written in Paragraph 112.

113.    Conagra denies the allegations in Paragraph 113.

114.    Conagra denies the allegations in Paragraph 114.

### Third Cause of Action

### California Consumer Legal Remedies Act

### Cal. Civ. Code §§ 1750 et seq.

115.    Conagra denies the allegations, including subparts, in Paragraph 115.

116.    Conagra states that the allegations contained in the first and second sentences of Paragraph 116 purport to state conclusions of law to which no response is required.  To the extent any response is required, Conagra denies the allegations as written.  Conagra denies the remaining allegations in Paragraph 116.

117.    Conagra is without sufficient information or knowledge to admit or deny the allegations in Paragraph 117 and, therefore, denies the same.

### XI.  PRAYER FOR RELIEF

Conagra denies that Plaintiff is entitled to any relief or remedy whatsoever, including, without limitation, any other relief sought in the unnumbered "WHEREFORE" paragraph, including subparts A through E thereto, contained on page 22 of the Complaint

### XII. NO JURY DEMAND

Conagra admits that Plaintiff has not demanded a trial by jury.  However, Conagra hereby demands a jury trial on all issues so triable.

### GENERAL DENIAL

Any and all allegations not expressly admitted herein are hereby denied.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

The Complaint fails to state claims upon which relief may be granted for a number of reasons, including, but not limited to: (1) the representations made on the products at issue are and were accurate; (2) the Complaint fails to allege facts sufficient to support a conclusion that the labels on the products at issue are or were false or misleading, or violate any federal or state labeling regulations; and (3) the Complaint fails to allege facts sufficient to support a conclusion that Plaintiff suffered any damages as a result of any act or omission on the part of Conagra.

**SECOND AFFIRMATIVE DEFENSE**

**(Preemption)**

Each of the causes of action alleged in the Complaint is expressly and/or impliedly preempted by federal law, including but not limited to the federal Food, Drug and Cosmetic Act, 21 U.S.C. § 301 *et seq.*, the federal Nutrition Labeling and Education Act, 21 U.S.C. § 341 *et seq.* and by the Food and Drug Administration's extensive regulation of food product labeling.

**THIRD AFFIRMATIVE DEFENSE**

**(Safe Harbor Defense)**

Each of the causes of action alleged in the Complaint is barred by the "safe harbor" provision of California consumer protection laws and case law because Conagra's labeling of the products at issue is expressly authorized by federal law.

**FOURTH AFFIRMATIVE DEFENSE**

**(Lack of Standing)**

Plaintiff lacks standing to assert the causes of action alleged in the Complaint.

**FIFTH AFFIRMATIVE DEFENSE**

**(Statutes of Limitations)**

Each of the causes of action alleged in the Complaint is barred to the extent that Plaintiff seeks relief based on acts or omissions by Conagra or by products purchased by Plaintiff prior to the applicable limitations periods.

## SIXTH AFFIRMATIVE DEFENSE

### (Equitable Defenses)

Each of the causes of action alleged in the Complaint is barred, in whole or in part, by the equitable doctrines of laches, estoppel and/or unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Provide Pre-Suit Notice)

Each of the causes of action alleged in the Complaint is barred, in whole or in part, by Plaintiff's failure to give Conagra required notice of the claim prior to filing this action.

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Plead Fraud with Particularity)

To the extent the Complaint alleges causes of action sounding in fraud, deception and/or misrepresentation, those claims are barred by Plaintiff's failure to allege the circumstances constituting the alleged fraud, deception and/or misrepresentation with particularity.

## NINTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

The equitable relief sought by Plaintiff is barred because any damage allegedly suffered by Plaintiff can be adequately compensated in an action at law for damages.

## TENTH AFFIRMATIVE DEFENSE

### (Voluntary Payment Doctrine)

Each of the causes of action alleged in the Complaint is barred by the voluntary payment doctrine to the extent Plaintiff voluntarily purchased the products at issue knowingly and intelligently and without mistake of fact.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

The monetary relief sought by Plaintiff is barred to the extent that he failed to make reasonable efforts to prevent or mitigate any alleged injury or loss.

### TWELFTH AFFIRMATIVE DEFENSE

### (Lack of Privity)

Plaintiff's claims are barred, in whole or in part, to the extent Conagra was not in privity with Plaintiffs.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Consumer Protection Laws Unduly Vague)

Any finding of compensatory liability under the consumer protection laws of California would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and of any analogous provision contained in the California constitution because the standards of liability under these consumer protection laws are unduly vague and subjective, and permit retroactive, random, arbitrary, and capricious punishment.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (No Money Paid Directly to Defendant)

Plaintiff's claims for restitution are barred to the extent that Plaintiff did not pay money directly to Conagra, and/or Plaintiff seeks a return of monies not in Conagra's possession.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (No Basis for Restitution)

There is no basis for restitution as Conagra has not been unjustly enriched.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Commercially Reasonable Manner)

At all times relevant herein, Conagra conducted itself in a commercially reasonable manner, consistent with the requisites of the Uniform Commercial Code.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (Lack of Subject Matter Jurisdiction)

This Court lacks subject matter jurisdiction over Plaintiff's claims if class certification is denied because he does not pose a federal question and he does not meet the amount in controversy requirement for diversity jurisdiction.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### EIGHTEENTH AFFIRMATIVE DEFNSE

#### (Punitive Damages)

An award of punitive damages based on conduct outside of this jurisdiction would impose unreasonable state limitations on interstate commerce in violation of the Commerce Clause and would be in violation of the Supreme Court's holding in *State Farm v. Campbell*, 538 U.S. 408 (2003).

### NINETEENTH AFFIRMATIVE DEFENSE

#### (Punitive Damages)

Any award of punitive damages would violate Conagra's guarantees of due process, equal protection, property, and protection against excessive fines under the Fourteenth Amendment of the United States Constitution and the applicable law of this jurisdiction.

### TWENTIETH AFFIRMATIVE DEFENSE

#### (Punitive Damages)

An award of punitive damages would violate Conagra's guarantees of due process protection against double jeopardy, excessive fines and multiple punishments under the Fifth and Fourteenth Amendments of the United States Constitution and under the applicable law of this jurisdiction.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

#### (Punitive Damages)

An award of punitive damages is improper without consideration of the three constitutional guideposts of reprehensibility, ratio, and civil penalties. *See State Farm v. Campbell*, 538 U.S. 408 (2003). An award of punitive damages is improper without judicial review on the basis of objective standards including the three constitutional guideposts of reprehensibility, ratio, and civil penalties. *See id.* An award of punitive damages is improper with no limits, including the constitutional prohibition against punitive damages awards being greater than a single-digit multiplier of any compensatory damages award. *See id.*

### TWENTY-SECOND AFFIRMATIVE DEFENSE

#### (Punitive Damages)

Any award of punitive damages against Conagra in this matter based upon a single course of conduct or enterprise for which punitive damages have already been imposed would constitute

18

unreasonable state limitations of interstate commerce in violation of the Commerce Clause of the United States Constitution.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Punitive Damages)

Any calculation or award of punitive damages against Conagra based in whole or in part upon Conagra's alleged conduct toward non-parties is unconstitutional and constitutes a taking of Conagra's property without due process. *Philip Morris USA v. Williams*, 549 U.S. 346 (2007).

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Estoppel)

Plaintiff is estopped to pursue relief in this action against Conagra to the extent that Plaintiff proceeds with prosecution of any other class, consolidated, or individual action in any jurisdiction against Conagra, including but not limited to those certain actions instituted prior or subsequent to this action.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Setoff)

Conagra is entitled to a setoff against any damages awarded to Plaintiff for any and all payments made by any collateral source, including any funds paid in settlement on behalf of other joint tortfeasors and settling parties.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Examination of the Products)

Plaintiff had the opportunity to examine, and did or should have examined, the products at issue, and such an examination did, or should have under a reasonable examination, reveal the alleged deceptive and/or misleading conduct, the alleged omission, and/or the alleged defect.

## RESERVATION OF ADDITIONAL DEFENSES

Conagra presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Conagra hereby reserves the right to amend its answer to raise additional affirmative defenses as they become available or apparent to it through discovery in this matter or otherwise.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PRAYER**

WHEREFORE, having fully answered Plaintiff's Second Amended Complaint, Conagra respectfully prays as follows:

1.      That Plaintiff takes nothing by way of their Complaint;

2.      That judgment be entered in favor of Conagra and against Plaintiff on the Complaint as a whole;

3.      That Conagra be awarded costs of suit, including attorneys' fees and expert fees, as may be proper under applicable statutes;

4.      That the Court award such other relief as the Court may deem appropriate

**JURY DEMAND**

Defendant demands trial by jury on all issues so triable.

DATED: March 27, 2019                           Respectfully Submitted,

                                                /s/ *Rachel E. K. Lowe*
                                                ANGELA SPIVEY (*pro hac vice*)
                                                ANDREW G. PHILLIPS (*pro hac vice*)
                                                JAMIE GEORGE (*pro hac vice*)
                                                ALSTON & BIRD LLP
                                                One Atlantic Center
                                                1201 West Peachtree Street, Suite 4900
                                                Atlanta, GA  30309-3424
                                                Telephone:  (404) 881-7000
                                                Facsimile:   (404) 881-7777

                                                RACHEL E. K. LOWE (SBN 246361)
                                                ALSTON & BIRD LLP
                                                333 South Hope Street, 16th Floor
                                                Los Angeles, CA  90071-1410
                                                Telephone:  (213) 576-1000
                                                Facsimile:   (213) 576-1100

                                                **Counsel for Defendant Conagra Brands, Inc.**